**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**SHEILACY OWENS, TONIA PRUITT,** and
**MARLENA MAYFIELD,** on behalf of themselves
and others similarly situated                                              **PLAINTIFFS**

**v.**                                                      **CIVIL ACTION # 2:07cv28-KS-MTP**

**SOUTHERN HENS, INC.**                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion [# 18] for an order to permit court-supervised opt-in notice to potential plaintiffs.  Applying the Fifth Circuit's "fairly lenient" standard, the Plaintiffs have shown that aggrieved individuals who are similarly situated to the them exist and desire to opt-in to their lawsuit.  Therefore, the motion to permit court-supervised opt-in notice should be **granted** and the class **conditionally certified for the purposes of discovery**.

## I.  FACTUAL BACKGROUND

This case involves the compensation policies of a chicken processing plant in Moselle.  Workers at the plant claim they are denied wages for performing off-the-clock duties required by their employer.  The employees seek to form a class to bring a collective action against their employer under the Fair Labor Standards Act ("FLSA").  Their employer argues that this off-the-clock time is not compensable, and that the employees are not sufficiently similar to bring a

collective action under the FLSA.

Sheilacy Owens, Tonia Pruitt, and Marlena Mayfield ("the Workers") are employees of Southern Hens, Inc., a chicken processing facility in Moselle, Mississippi ("the Plant").  Their respective jobs at the Plant encompass the entire spectrum of the chicken-processing operation, from hanging birds on the line for slaughter to packing frozen chickens onto trucks for delivery. The Workers have designated that all steps prior to chilling are deemed "First Processing," and all steps subsequent to chilling are called "Second Processing." Pl.'s Compl. ¶ 11-12 (Feb. 8, 2007).

The Workers allege that the Plant has adopted an unlawful compensation system.  They argue that the Plant only pays them for "master time," or time spent working on the actual production line. *See* Pl.'s Compl. ¶ 18 (Feb. 8, 2007).  The Workers claim that only paying them for "master time" denies them compensation for a host of work-related activities that are compensable, including: (1) clearing security; (2) donning and doffing sanitary equipment; (3) cleaning and sanitizing processing equipment; (4) walking to and from the processing line; (5) waiting in line to receive needed tools; and (6) waiting for the production line to begin.  *Id.* at ¶ 18.  The Workers also allege that the Plant does not properly compensate them for their designated breaks, and sometimes fails to compensate them whether they take breaks or not. *Id.* at ¶¶ 19-20.  They argue that the Plant has "deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay pursuant to the FLSA." *Id.* at ¶ 24.

The Workers seek to become party plaintiffs and represent a class of similarly situated employees under the FLSA.  To that end, the Workers have moved the Court for an order permitting court-supervised notice to other employees of their opt-in rights.  Along with their

motion, the Workers have filed a series of identical declarations that state the basis of their

allegations against the Plant.  These declarations state that each signing Worker "was not fully

paid for required pre-production line and post-production line activities that are necessary,

integral, and indispensable to my overall employment responsibilities." *See* Pl.'s Exs. 1-8 (July

11, 2007).  They also state that each signing Worker "personally observed that there were

numerous co-employees with whom I worked" that performed the same job duties and failed to

receive proper compensation. *Id*. at ¶ 9.

The Plant has vigorously opposed the motion, arguing that the factual inconsistencies

between the Workers' depositions and their declarations, as well as the unique job duties and

experiences of the respective employees, make a collective action impossible.  The Plant also

urges the Court to apply a more rigorous standard for allowing opt-in notices than is normally

utilized on a motion for court-supervised notice.

## II. STANDARD OF REVIEW

The Fair Labor Standards Act requires covered employers to compensate nonexempt

employees at overtime rates when they work in excess of the statutorily defined maximum

number of hours. 29 U.S.C. § 207(a).  If they are unlawfully denied overtime, section 16(b) of the

FLSA permits an employee to bring suit against an employer "for and in behalf of himself ... and

other employees similarly situated." 29 U.S.C. § 216(b).  Plaintiffs wishing to join in one of these

"collective actions" must "opt-in" to the action to be bound by a judgment, unlike plaintiffs in a

Rule 23 class action who must essentially "opt-out." *Badgett v. Tex. Taco Cabana*, *L.P.*, 2006

WL 2934265 at *1 (S.D. Tex. Oct. 12, 2006).  District courts have discretion in determining

whether to order court-supervised notice to prospective plaintiffs. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

Although courts have alternated between two different standards when considering whether notice is appropriate, the *Lusardi* method is now recognized as "the favored approach by courts in the Fifth Circuit." *Kaluom v. Stolt Offshore, Inc.*, 474 F. Supp. 2d 866, 871 (S.D. Tex. 2007) (citing *England v. New Century Fin. Corp.,* 370 F. Supp. 2d 504, 509 (M.D. La. 2005)). The approach was first applied by the Fifth Circuit in *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *rev'd in part on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

Under the *Lusardi* method, the court "makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members." *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). The court makes this determination using "a fairly lenient standard" because of the "minimal evidence" available at that stage. *Id*. at 1214.[1] Plaintiffs can achieve notice with "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id.* (citations omitted). If the court decides to conditionally certify the class, putative class members are given notice and an opportunity to opt-in to the litigation. *Lima v. Int'l Catastrophe Solutions, Inc*., 493 F. Supp. 2d 793, 798 (E.D. La. 2007).

A class of plaintiffs can be conditionally certified for notice despite some level of

---

[1] *Ryan v. Staff Care, Inc*., 497 F. Supp. 2d 820, 824 (N.D. Tex. 2007) (recognizing the notice stage to be "considerably less rigorous than the court's initial inquiry under the Rule 23 approach.").

heterogeneity.  The positions compared "need not be identical, but similar" with respect to their "job requirements and with regard to their pay provisions." *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842 (N.D. Tex. Oct. 7, 2004).  A court can authorize certification if it finds "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particularly alleged policy or practice." *Salinas-Rodriguez v. Alpha Services, L.L.C.*, 2005 WL 3557178 at *3 (S.D. Miss. Dec. 27, 2005) (citing *Villataro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003).  However, a court should "deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005).

### III. APPLICATION AND ANALYSIS

Because the Workers have moved for court-supervised opt-in notice, this Court analyzes the motion under the "fairly lenient standard" identified in *Mooney*.[2]  At this stage, a plaintiff must make a minimal showing that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Prater v. Commerce Equities Mgmt. Co., Inc.*, 2007 WL 4146714 at *3 (S.D. Tex. Nov. 19, 2007).  The lenient standard requires at least a "modest factual showing

---

[2] The Defendants spend considerable time in their brief arguing that the stricter second-stage analysis should be utilized. *See* Def.'s Res. Br. at 14 (Oct. 4, 2007).  This Court has identified no case within the Fifth Circuit that has chosen to fast-forward to the second stage of *Lusardi* on a motion to provide opt-in notice based on the amount of evidence available. Therefore, the "fairly lenient" standard identified in *Mooney* will be applied.

sufficient to demonstrate that [he or she] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008 at *4 (S.D. Tex. Jan 24, 2007).

Based on the documents currently submitted, the Court finds that the Plaintiffs have met the fairly lenient standard for court-supervised notice identified in *Mooney*.  The Workers are all employees at a single facility who have alleged unlawful compensation practices uniformly practiced within their workplace.  Their principal allegation, that "master time" is utilized improperly throughout the Plant, is supported by deposition testimony.  As such, there is reasonable basis for this Court to conclude that other employees injured by these policies exist, and that they are similarly situated to the Plaintiffs.

The Defendant spins several arguments against court-supervised notice out of alleged inconsistencies between the depositions of the proposed plaintiffs and their declarations.  These inconsistent statements, made by some plaintiffs and some opt-ins, include: (1) confusion over the terms "first processing" and "second processing;" (2) a lack of knowledge about other employees' pay; (3) a lack of knowledge about breaks policies in other departments; (4) confusion over the terms "skilled" and "unskilled" positions; and (5) a lack of knowledge about other employees wishing to join the suit.

The Defendants cite the *Severtson* case from the district of Minnesota for the proposition that discrepancies between depositions and declarations amount to a "frivolous fishing expedition conducted at the employer's expense." *See* Def.'s Res. Br. at 8 (Oct. 4, 2007).  Yet the *Severtson* case rejected notice when five employees made conclusory allegations that their terminations were part of a "recent pattern and practice of eliminating older, more highly paid

6

employees and replacing them with younger, lesser paid employees." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991).  Because there was not "some factual basis for plaintiffs' claims of class-wide discrimination," the court found that notice was improper. *Id.* at 267.

Although the Defendant has honed in on several discrepancies between the signed declarations and deposition testimony, these misstatements are insufficient to block notice under the "fairly lenient" standard identified in *Mooney*.  Although they raise some concern as to the ability of the Plaintiffs to represent a uniform and similarly-situated class, the complaint, declarations, and available deposition testimony establish a reasonable basis for this Court to believe that individuals aggrieved in a common way exist and wish to join in a suit against their employer.[3]  The evidence submitted satisfies the Plaintiffs' "burden of making a preliminary factual showing that at least a few similarly situated individuals exist." *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007).

In opposing the motion for court-supervised notice, the Defendants point to a wealth of distinguishable case law from other district courts for the proposition that the Plaintiffs and proposed opt-ins are too dissimilar for a collective action.  In *Freeman*, a district court in Arkansas refused to permit notice to employees at every Wal-Mart store in the country because the allegations of similarity were insufficient. *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003).  That court noted that "[i]n light of the fact that Wal-Mart is one of

---

[3] Permitting plaintiffs to issue court-supervised notice does not amount to class certification. Authorizing notice "merely allows the plaintiffs to proceed as a class throughout discovery. The court can 'decertify' the class following discovery when the court has more information to achieve a factual determination on the similarly situated question." *See Ray v. Motel 6 Operating, Ltd. Partnership*, 1996 WL 938231 at *2 (D. Minn. Mar. 18, 1996).

the largest employers in the world, it is incumbent upon Plaintiff to propose a class that is sufficiently defined and manageable from the outset." *Id*.  In *Sheffield*, the district court in Oregon argued that because "dissimilarities among the putative class members extend to geography, work sites, and payment systems," allowing notice and proceeding as a collective action would be improper. *Sheffield v. Orius Corp*., 211 F.R.D. 411, 413 (D. Or. 2002).  And in *Pfohl*, a California district court, applying the second stage of the *Lusardi* test, found prospective plaintiffs dissimilar when "widely varying job duties" between putative plaintiffs would require an "individualized inquiry" for each employee, and that "an alleged common plan or policy" was not dispositive of certification. *Pfohl v. Farmers Ins. Group*, 2004 WL 554834 at **8-9 (C.D. Cal. Mar. 1, 2004).

The problems identified in the above cases are not present in this action, and no case identified by the Defendant denies opt-in notice under the first prong of the *Lusardi* test under similar circumstances.  The prospective class in this case is confined to a single facility, alleging violations that result from a company policy that is allegedly enforced uniformly against the Plaintiffs and proposed opt-ins.  The homogeneity of facility, policy, and application, absent from the cases relied up by the Defendant, are sufficient to merit court-supervised opt-in notice under the standards adopted by this circuit.

## IV. CONCLUSION

The fairly lenient standard approved in *Mooney* permits the district court wide discretion in determining that a class is similarly situated for conditional certification through discovery. The use of master time, allegedly applied to all hourly workers at the Plant, forms a common

injury that was similarly suffered by the proposed opt-ins and the Plaintiffs.  The evidence submitted forms a factual basis for this Court to believe that workers who suffered similar injuries under the same circumstances exist and wish to join the instant lawsuit.  Moreover, the resolution of this principal issue in dispute, as framed in the context of a single facility, promotes judicial efficiency for the Court and the parties effected.  If further discovery reveals significant dissimilarities between the employees, or that employees suffered from sporadic occurrences that were purely personal to individual plaintiffs, then the Defendant can move to decertify the class at that time.

IT IS THEREFORE, ORDERED AND ADJUDGED that the motion to certify a collective class [# 18] is **granted**, and that a **collective class is conditionally certified**, consisting of all employees of Southern Hens, Incorporated, who work in the Moselle, Mississippi facility in either "first processing" or "second processing," and were paid exclusively on the "master" or "line" time during the three years prior to July 11, 2007.

IT IS FURTHER ORDERED AND ADJUDGED that the motion for leave [# 64] is **denied as moot** and the motion to strike [# 69] is **denied as moot**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant shall provide to Plaintiffs' counsel a list of the names and last known addresses (in electronic form) of all current or former hourly wage earners who work in the Moselle, Mississippi facility in either "first processing" or "second processing," and are paid exclusively on the "master" or "line" time, within 30 days of the date this order is entered.  All Plaintiffs must opt-in by filing their consent forms with this court no later than 120 days from the date of Defendant's production of the above information.

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall submit a mutually agreeable notice on or before **March 28, 2008.**  If the parties cannot agree, they should submit their separate proposals for the Court's decision.

SO ORDERED AND ADJUDGED on this, the 17th day of March, 2008.


*s/Keith Starrett*
United States District Judge